COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

NICHOLAS
BRADFORD JONES,                   )

                                                                             )               No.  08-02-00429-CR

Appellant,                        )

                                                                             )                    Appeal from the

v.                                                                           )

                                                                             )                
219th District Court

THE
STATE OF TEXAS,                                    )

                                                                             )            
of Collin County, Texas

Appellee.                         )

                                                                             )               
(TC# 219-81862-01)

                                                                             )

 

 

O P I N I O N

 

In a single issue, appellant
complains his trial counsel was ineffective for failing to object under Rules
of Evidence 401, 402, and 403 to the victim character and impact testimony of
two witnesses.  Because the record is
silent to defense counsel=s reasoning or trial strategy, we will affirm.

I








The appellant pled guilty to
aggravated kidnaping and was sentenced by the jury to
99 years= confinement plus a fine of
$10,000.  In this and two companion
cases,[1]
during the punishment phase, the complainant and a close friend of her=s, were called to testify.   The complainant testified that she was kidnaped, threatened, brutalized, repeatedly raped, and
left her in an open field wrapped in a bubble wrap, like a mummy.  She was covered with sticks, leaves, and some
kind of netting.  Appellant and his
companion threatened complaint=s life and that of her children repeatedly.  After appellant left, the complainant found
something sharp behind her hand, cut herself free, and was able to escape.  She testified that the ordeal affected her
life in every way, but mostly affected her children.  She testified to terrible emotional problems,
psychiatric counseling, medication, gynecological care, distorted body images,
insecurities, as well as trouble with relationships, and intimacy.  She stated her children did not understand
why she would not let them go outside alone, never go out at night, and that
they were too young to explain to them the situation.  She lost her job because of the emotional
impact of the crime and her inability to concentrate; in turn she lost her
health insurance.  Trial defense counsel
did not cross-examine or make any objections to the testimony.  

A friend of complainant also
testified.  The friend worked with
complainant as a waitress and flight attendant. 
Prior to the crime, the complainant was described as a laughing,
positive person.  Afterward, she was like
a deer in the headlights, like frozen, not there.  Once again, trial defense counsel did not
cross-examine or object.

II













 In his sole issue, appellant complains his
counsel was ineffective because he did not object to the victim impact
evidence.  To show that trial counsel was
ineffective, appellant must demonstrate that: 
(1) trial counsel=s performance was deficient
because it fell below an objective standard of reasonableness; and (2) a
probability existed, sufficient to undermine confidence in the outcome, that,
but for counsel=s unprofessional errors, the
result of the proceeding would have been different.  Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  Strickland states
that judicial scrutiny of counsel=s performance must be highly
deferential and that a reviewing court A[m]ust
indulge a strong presumption that counsel=s conduct falls within the wide
range of reasonable professional assistance . . . .@  Strickland 466 U.S.
at 689.  This case typifies an
ineffective counsel challenge because Athe record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel=s actions.@  Mallet v. State, 65
S.W.3d 59, 63 (Tex. Crim. App. 2001).  The record is silent as to why appellant=s trial counsel did not object
to any of the two witnesses= testimony.  It may well have been counsel=s strategy  to focus on appellant=s much lengthier positive
character testimony, rather than object and call further attention to the
results of this horrific crime.  Trial
counsel should ordinarily be afforded an opportunity to explain his actions before
being found ineffective.  Rylander v.
State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).  Based upon this record, we cannot conclude
that appellant has established that trial counsel=s performance fell below an
objective standard of reasonableness, in order to  satisfied the first prong of Strickland.  Id. 
Appellant=s sole issued is overruled.

The judgment is affirmed.

DON
WITTIG, Senior Justice

August 21, 2003

 

Before Panel No. 5

Barajas, C.J., Larsen, and Wittig, JJ.

(Wittig,
J., sitting by assignment)

 

(Do Not Publish)











[1]  The two related cases are cause numbers:  08-02-00430-CR and 08-02-00431-CR.