11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Luis
Hernandez Cruz

Appellant

Vs.                   Nos. 11-03-00266-CR & 11-03-00267-CR --
Appeals from Harris County

State
of Texas

Appellee

 

Luis Hernandez Cruz appeals his conviction by a
jury of two counts of aggravated robbery with a deadly weapon.  The jury assessed his punishment for each
count at 45 years in the Texas Department of Criminal Justice, Institutional
Division.  In his appeal from both
convictions, Cruz contends in a sole issue that he received ineffective
assistance of counsel at trial because his trial counsel did not make a motion
to sever his case from that of a codefendant who had a prior conviction because
it was evident that the codefendant=s
defense was in conflict with his own.  We
affirm. 

The State presented evidence at trial showing that
Cruz and his codefendant participated in a robbery spree, committing several
robberies in a short period of time. 
Cruz=s
codefendant had a prior conviction and testified against Cruz during the
punishment phase of the trial.  While one
or more witnesses were able to identify the codefendant as having committed
robbery against them, none were able to identify Cruz.

We apply a two-pronged test to
ineffective-assistance-of-counsel claims. 
Wiggins v. Smith, 539 U.S. 510, 521 (2003); Strickland v.
Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d
808, 812 (Tex.Cr.App.1999).  First,
appellant must show that his counsel=s
performance was deficient; second, appellant must show that the deficient
performance prejudiced the defense.  Wiggins
v. Smith, supra at 521; Strickland v. Washington, supra at 687.








In evaluating the effectiveness of counsel under the
first prong, we look to the totality of the representation and the particular
circumstances of each case.  Thompson
v. State, supra at 813.  A defendant
must demonstrate that counsel=s
representation fell below an objective standard of reasonableness and the
prevailing professional norms at the time of the alleged error.  Wiggins v. Smith, supra at 521; Strickland
v. Washington, supra at 688-89.  A[C]ounsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment.@  Strickland v. Washington, supra at
690.  An allegation of ineffective
assistance must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, supra at 814.  Our scrutiny of counsel=s performance must be highly
deferential, and every effort must be made to eliminate the distorting effects
of hindsight.  Strickland v.
Washington, supra at 689.  

The second prong of Strickland requires a
showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial whose result is reliable.  Id.
at 687.  In other words, appellant must
show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of
the proceeding would have been different. 
Id. at 694.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding being challenged.  Id. at 697.

Under normal circumstances, the record on direct
appeal will not be sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the presumption that counsel=s conduct was reasonable and
professional.  Bone v. State, 77
S.W.3d 828, 833 (Tex.Cr.App.2002). 
Rarely will the record from trial contain sufficient infor-mation to
permit a reviewing court to fairly evaluate the merits of such a serious
allegation. Id.  A defendant=s counsel should ordinarily be accorded
an opportunity to explain his or her actions before being condemned as
unprofessional and incompetent.  Rylander
v. State, 101 S.W.3d 107, 111 (Tex.Cr.App.2003); Bone v. State, supra
at 836.

Trial counsel did not testify in any post-trial
proceeding.  Further, there is nothing
else in the record to show that trial counsel=s
choice not to pursue a motion to sever was anything other than trial
strategy.  Appellant bears the burden of
proving ineffective assistance.  When
reviewing a claim of ineffective assistance, we will indulge a strong
presumption that counsel=s
conduct is within the wide range of reasonable professional assistance.  Appellant must overcome the presumption that,
under the circumstances, the challenged action could be considered sound trial
strategy.  Strickland v. Washington,
supra.  Appellant has failed to
overcome that presumption.  Bone v.
State, supra.  We overrule Cruz=s sole issue on appeal.

 

 








The judgments are affirmed.

 

PER CURIAM

 

November 4, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and Hill, S.J.[1]

 











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.