IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00247-CR

 

Curtis Lewis,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 159th District Court

Angelina County, Texas

Trial Court No. 24451

 



MEMORANDUM  Opinion



 

          Curtis Lewis was charged by indictment with aggravated robbery.  A
jury found him guilty, found that he had previously been convicted of two
felonies, and assessed punishment at twenty-five years’ imprisonment.  Lewis
argues on appeal that the trial court erred in allowing evidence not admitted
at trial to be given to the jury after the jury had begun deliberation.  He
also argues that he received ineffective assistance of counsel.  We will
overrule the issues and affirm the judgment.




BACKGROUND

          Garza, an employee at a Dairy Queen
restaurant in Diboll, Texas, testified that Lewis arrived at the restaurant
while she was working behind the counter.  She recalled seeing Lewis pull into
the parking lot.  She testified that he did not park in any of the spaces and
that she joked to her co-worker that it looked like “getaway parking.”  She
testified that Lewis initially went back to the restrooms, and then approached
the counter.  She asked if she could take his order.  Lewis then told her to
give him all of her money.  She initially thought he was joking, but he told
her he was not joking and again asked for the money.  Lewis banged on the
counter with something in his pocket which Garza believed was a gun.  However,
Lewis never took anything out of his pocket, and she never saw a gun.  She
testified that she was afraid Lewis would hurt her if she did not comply, so
she took the money out of the register and gave it to him.  Garza testified that
Lewis was wearing a blue or green flannel striped coat.  Two other employees at
the Dairy Queen testified that they also saw Lewis in the store and described
him as wearing a flannel jacket, jeans, and a baseball cap.  All three
employees, within an hour of the robbery, identified Lewis on a videotape taken
by police.  Garza also identified Lewis at the police station later that night. 
All three identified Lewis in open court.

          The State also introduced the
testimony of a nine-year-old boy.  The boy saw a man in the Dairy Queen
restroom who had on a striped and gray jacket, a ball cap, black shirt, and
“striped shoes, white.”  The boy testified that the man came out of the
restroom and went to the counter.  He then saw the lady behind the counter
start to cry and the man run to the car.  The boy identified Lewis, on the
videotape and from a photograph, as the man in the restaurant.  During
cross-examination, Lewis’s counsel had the boy attempt to draw the stripes on
the man’s shoes.  The boy drew what appears to be a single vertical stripe on
the side of the shoe.  He testified that the stripe or stripes were blue.  The
drawing was admitted into evidence.

          Lewis’s common-law spouse testified
that on the day of the offense she and Lewis had eaten at Long John Silver’s in
Lufkin and that they did not stop anywhere in Diboll.  She also testified that
Lewis would have been wearing on the day of the offense the same shoes he was
wearing in court because they were the only shoes he had.

          After both sides had closed and the
jury had retired to deliberate, the jury sent a note requesting to see Lewis’s
shoe.  The State and the defense made a joint motion to re-open evidence and
allow two photographs of Lewis’s shoes to be taken and given to the jury.  In
the photographs, Lewis’s shoes appear to be white with a black instep.  The
trial court granted the motion.

Invited Error

          In his first three issues, Lewis
argues that the trial court decision to allow the photographs to be admitted violated
Lewis’s due process rights under the 5th and 14th Amendments
and article 36.02 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art 36.02 (Vernon 1981).   However, any error by the trial court was invited by Lewis.  If a party
affirmatively seeks action by the trial court, that party cannot later contend
that the action was error.  Prystash v. State, 3 S.W.3d 522, 531-32
(Tex. Crim. App. 1999).  The alleged error of which Lewis complains is the
court’s decision to grant the motion in which Lewis joined.  Lewis is estopped
from complaining on appeal about an action he induced.

          We overrule these issues.

Ineffectiveness of Counsel

          Lewis argues that he was denied his
right to effective assistance of counsel because his trial counsel allowed the
re-opening of evidence to admit photographs of his shoes.  To establish a claim
of ineffective assistance of counsel, the appellant must show that counsel’s
assistance fell below an objective standard of reasonableness and that
counsel’s deficient performance, if any, prejudiced the defendant.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674
(1984).  The review of defense counsel’s representation is highly deferential
and presumes that counsel’s actions fell within a wide range of reasonable
professional assistance.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

          There is no record of trial counsel’s
strategy or motivations for the action of which Lewis complains.  When the
record is silent as to defense counsel’s subjective motivations, we will
ordinarily presume that the challenged action might be considered sound trial
strategy.  Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App.
2003).  Lewis has not overcome the presumption that counsel’s actions might be
considered sound trial strategy.  Stafford v. State, 813 S.W.2d
503, 506 (Tex. Crim. App. 1991).

We overrule this issue.




CONCLUSION

          Having overruled the issues, we affirm
the judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed June 22, 2005

Do
not publish

[CRPM]