Affirmed and Memorandum Opinion filed February 7, 2006









Affirmed
and Memorandum Opinion filed February 7, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01044-CR

____________

 

MICHAEL JAY KELLIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 45,280

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Michael Jay
Kellis, of intoxication assault and assessed his punishment at three years= confinement and
an $8,000 fine.  In a single point of
error, appellant argues that his trial counsel was ineffective.  We affirm.

Factual and Procedural Background








On April 26, 2003, at approximately 11:45
p.m., appellant was driving on Highway 35. 
He had been drinking and was intoxicated.  While driving, he veered into the lane of
oncoming traffic and his pickup truck struck complainant=s car.  The complainant was air-lifted to a hospital;
he suffered severe injuries.  At the
close of the State=s case-in-chief, appellant=s counsel moved
for a directed verdict on the ground that the State had not proved an element
of the crime: namely, that complainant=s injuries were
sufficiently serious.  The trial court
overruled that motion.

On appeal, appellant claims only that his
trial counsel was ineffective because trial counsel did not move for a directed
verdict at the close of the State=s case-in-chief on
the basis that the State did not prove appellant was the driver of the pickup
truck.

Analysis

I.        Ineffective
Assistance of Counsel

Appellant was charged with intoxication
assault and it was the State=s burden to prove
each element of the offense beyond a reasonable doubt.  Intoxication assault requires the State to
prove the defendant: (1) by accident or mistake, (2) while operating . . . a
motor vehicle, (3) in a public place, (4) while intoxicated, (5) [and] by
reason of that intoxication; (6) cause[d] serious bodily injury to
another.  See Tex. Penal Code ' 49.07(a)(1).  Appellant claims the State had not proven the
second element by the close of its case-in-chief.[1]  Relying on the rule of corpus delicti,
appellant argues the State did no more than offer out-of-court statements from
the defendant to prove he was driving the pickup truck and the State did not
properly corroborate those statements. 
According to appellant, without proper corroboration, the State had not
presented adequate evidence at the close of its case-in-chief that appellant
was the driver.  Thus, appellant believes
the trial court would have had no choice but to grant a motion for a directed
verdict on the basis that the State did not prove each element of its
case.  Because trial counsel did not move
for a directed verdict on that ground, appellant argues, trial counsel was
ineffective and we must reverse and remand. 
We disagree with appellant=s characterization
of the rule of corpus delicti and of trial counsel=s effectiveness in
this regard.  








A.      To
be ineffective in not moving for a directed verdict, the evidence must have
been legally insufficient

(i)      
Standards for reviewing ineffective assistance of counsel claims

The Sixth Amendment to the United States
Constitution guarantees the right to counsel, including the effective
assistance of counsel in criminal cases. 
The Supreme Court has developed standards to determine whether trial
counsel was ineffective in her representation, which we apply to each
ineffective assistance claim.  See
Rylander v. State, 101 S.W.3d 107, 109B10 (Tex. Crim.
App. 2003) (citing Strickland v. Washington, 466 U.S. 668 (1984)).  When claiming ineffective assistance of
counsel, appellant must show that: (1) trial counsel=s performance was
deficient because it fell below an objective standard of reasonableness; and
(2) a probability sufficient to undermine confidence in the outcome existed
that, but for counsel=s unprofessional errors, the result of the
proceeding would have been different.  Id.
at 110.  Stated differently, appellant
must prove not only that his counsel=s performance was
not objectively reasonable, but also that the result likely would have been
different had counsel not made the error she made. 

On direct appeal, appellate courts
generally do not look favorably upon ineffective assistance claims.  See id. (stating that the record is
generally insufficient to show whether or not trial counsel=s strategy was
reasonable).  We have a strong
presumption that trial counsel=s decisions were
sound trial strategy.  Id.    The more appropriate vehicle for this claim
is a writ of habeas corpusCa collateral
attackCbecause in that
proceeding trial counsel may explain her actions.  Id. at 110B11.  Otherwise, the record will not provide the
proof necessary to show that trial counsel was so deficient to meet the first
part of the Strickland test.  Id.
at 110.  Thus, appellants face not just
the presumption that trial counsel=s performance was
based on sound trial strategy, but also the hurdle of an undeveloped record.

(ii)      Evidence
must be legally insufficient to receive directed verdict








In this case, we must consider whether
appellant=s trial counsel was deficient in not
moving for a directed verdict due to the State=s alleged failure
to prove an essential element of the crime: that appellant was driving the
pickup truck.  A claim that a directed
verdict would be required is a challenge to the legal sufficiency of the
evidence.  See Canales v. State,
98 S.W.3d 690, 693 (Tex. Crim. App. 2003); Williams v. State, 937 S.W.2d
479, 482 (Tex. Crim. App. 1996). 
Evidence is legally sufficient if, viewed in the light most favorable to
the verdict, a rational jury could find the elements of the offense beyond a
reasonable doubt.  Williams, 937
S.W.2d at 482 (citing Jackson v. Virginia, 443 U.S. 307 (1979)).  If the evidence was legally sufficient, then
a directed verdict would not have issued, as appellant claims, and his trial
counsel was not ineffective.

B.      Corpus
Delicti does not mandate reversal in this case

Appellant=s argument
revolves around his application of the rule of corpus delicti.  According to appellant, the rule requires the
State to corroborate appellant=s out-of-court
statements that he drove the pickup truck that struck complainant=s car.  His argument is flawed in two respects: (1) corpus
delicti does not apply in the way appellant claims; and (2)  viewed in the light most favorable to the
verdict, there was sufficient corroboration of the evidence.  We will address each of these flaws below.

(i)      Corpus
Delicti

Appellant=s view of corpus
delicti in this case is that it requires the State to corroborate any
out-of-court confession or statement by a defendant.  However, appellant misunderstands the law of corpus
delicti.  It is not a rule governing
the corroboration of statements.  Rather,
the corpus delicti of any crime concerns simply whether the crime was
committed by someone.  Fisher v. Texas,
851 S.W.2d 298, 303 (Tex. Crim. App. 1993). 
The rule requires that, in addition to an out-of-court confession that a
crime occurredCtypically murder in the corpus delicti
line of casesCthere be some independent evidence tending
to prove the corpus delicti.  Id.;
see also Salazar v. State, 86 S.W.3d 640, 641 (Tex. Crim. App.
2002) (stating that the evidence need only corroborate that the offense in
question actually occurred).  That
independent evidence can be considered in connection with the confession.  Salazar at 645.  The rule does not require independent
corroboration of every detail of a confession if there is corroboration that
the crime occurred.  Id. at 644B45.








(ii)      The
evidence was legally sufficient

Here, viewing the State=s evidence in the
light most favorable to the verdict, corpus delicti does not require
reversal.  There is no serious question
whether the crime of intoxication assault actually occurred.  The State presented expert testimony
regarding accident reconstruction, the condition of the vehicles, the medical
condition of complainant, and appellant=s intoxication
levels, which provided more than Asome independent
evidence@ to prove that the
crime actually occurred.  That evidence
all showed that an automobile accident occurred, on a public road, appellant
was intoxicated, and that intoxication resulted in appellant=s driving error
that caused the accident.  Additionally,
the State=s witnesses testified they saw appellant
walking from the pickup truck, there was no one else in or around the pickup
truck, and appellant made statements indicating he drove the pickup truck and
hit complainant=s car. 
There is both evidence that the crime occurred and that appellant drove
the pickup truck that struck complainant=s car.

We see no merit in appellant=s claim that the
State failed to prove a crime actually occurred.  Moreover, the evidence was legally sufficient
to prove appellant was driving the pickup truck that struck complainant=s car, along with
every other element of the crime.  There
is nothing in the record to support appellant=s claim of
ineffective assistance of counsel on the ground he raises for this appeal.  Accordingly, we overrule appellant=s sole point of
error.  

Conclusion

We overrule
appellant=s sole point of error and affirm the
judgment of the trial court.

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed February 7, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant
contends that we may consider only the evidence before the trial court at the
point in time when trial counsel would have moved for the directed verdict
because that is the only evidence the trial court would have considered in
ruling on that motion.  We need not pass
upon this argument because the evidence, as outlined below, was sufficient at
the close of the State=s case-in-chief on the question of operating a motor
vehicle.