IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,344-01 & WR-68,344-02






EX PARTE BENJAMIN PERRY, Appellant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NUMBERS 2003-CR-9679-W1 & 2003-CR-9680-W1


IN THE 187
TH JUDICIAL DISTRICT COURT


 BEXAR COUNTY





 Cochran, J., filed a concurring statement.


CONCURRING STATEMENT



 I agree with the Court's denial of relief in this application for a writ of habeas corpus
alleging ineffective assistance of counsel. I add these comments only to explain why I agree
that "the trial court's conclusions of law are not supported by the record and that Applicant's
claims of ineffective assistance of counsel are without merit." (1)

 Applicant was indicted for aggravated assault with a deadly weapon and aggravated
robbery with a deadly weapon. He retained the services of a private law firm. One member of
that law firm negotiated a plea agreement with the State that included the following: (1) an
eight-year cap on the sentences; (2) a $2,000 fine in each case; (3) a deadly weapon finding in
each case; (4) concurrent sentences; and (5) an agreement that the State would make no
recommendation on applicant's request for deferred adjudication. The State reserved the right
to speak to relevant factual matters at the punishment hearing. After applicant entered his plea
of nolo contendere, the case was reset for a punishment hearing. In the interim, the original
attorney left the law firm, so a second member of the firm took over applicant's
representation. The defense sponsored one character witness at the punishment hearing. The
trial judge then sentenced applicant to eight years' imprisonment on each charge and ordered
that the sentences be served concurrently. 

 Applicant was later represented by a third attorney (one not affiliated with the original
law firm) who filed a motion for new trial, alleging that the second attorney had provided
ineffective assistance because "counsel was not aware of the strategy that his prior counsel was
going to present at sentencing as previously discussed with prior counsel." This third attorney
signed an affidavit to that effect and attached it to the motion for new trial. That affidavit also
alleged that the second attorney spoke only briefly with applicant before the sentencing
hearing. The record before us does not contain any additional affidavits from applicant or
either his first or second attorneys. The trial judge denied the motion for new trial, and
applicant appealed, again claiming ineffective assistance of the second counsel.

 The Fourth Court of Appeals held that applicant had not pointed to any place in the
record showing that his second attorney's failure to present certain evidence that he claimed
was mitigating was "due to ineffective assistance rather than trial strategy. When the appellate
record contains no evidence of the reasoning behind trial counsel's action, the reviewing court
cannot conclude that counsel's performance was deficient, because such determination would
be based on speculation." (2) The court of appeals affirmed applicant's two convictions.

 Applicant then filed a pro se application for writ of habeas corpus, making the same
ineffective assistance of counsel claim that he had made in his motion for new trial and on
appeal. He failed to specify precisely what evidence he thought his second attorney should
have offered at the sentencing hearing. He alleged that his second attorney never conducted
an independent investigation, never interviewed the victims, and never hired an investigator to
look into his background, education, or medical history. He did not include any affidavits from
either of his first or second attorneys. He did not name any specific witnesses who should
have been called at the sentencing hearing or set out what their testimony would have been, nor
did he allege that they were available to testify and would have testified.

 The trial court did not obtain any further information from applicant, nor did it obtain
affidavits from any of applicant's prior attorneys. In its findings of fact, it lists the evidence
that is in the court's file, including the police report and applicant's statement to police. It
quotes the affidavit signed by applicant's third attorney that was attached to the motion for new
trial (a motion that the trial court had previously rejected), which apparently (3) does not set out
the names or anticipated testimony of any specific witnesses who were available to testify at
sentencing. 

 A habeas corpus applicant must establish the detailed facts which give rise to and
compel each legal conclusion. The trial court recommends granting relief in this habeas
corpus application and finds that the affidavit filed with the motion for new trial is credible,
but gives no indication of why its decision has changed during the interim without any
additional facts presented.

 There are not sufficient facts in this habeas corpus record (just as there were
insufficient facts presented in the direct appeal) that show, by a preponderance of the evidence,
that applicant's second counsel's performance was deficient and that this deficient
performance prejudiced applicant. Strickland v. Washington, 466 U.S. 668, 687 (1984);
Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1984). Furthermore, applicant's
second attorney has never been afforded an opportunity to respond to these allegations and
explain the basis for his actions and decisions. See Rylander v. State, 101 S.W.3d 107, 111
(Tex. Crim. App. 2003) (noting that "trial counsel should ordinarily be afforded an opportunity
to explain his actions before being denounced as ineffective."). Absent such an opportunity,
a court should not find deficient performance unless the challenged conduct was "so
outrageous that no competent attorney would have engaged in it." Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001). Counsel's conduct is reviewed with great deference, without
the distorting effects of hindsight, especially when counsel's reasons for failing to do
something do not appear in the record. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim.
App. 1999). I, like the court of appeals before us, conclude that applicant's second counsel
may have had strategic reasons for not putting on more evidence at the sentencing hearing. At
least, there is nothing in this record which shows that he did not have such strategic reasons. 


 Therefore, I agree that the present record does not show that applicant has proven, by
a preponderance of the evidence, his ineffective assistance of counsel claim. 


Filed: October 31, 2007

Do Not Publish
1. Order at 2.
2. Perry v. State, No. 04-05-00506-CR, No. 04-05-00507-CR, 2006 Tex. App. LEXIS
8108 *3 (Tex. App.-San Antonio 2006, no pet.).
3. The motion for new trial and the attached affidavit are not contained in the habeas corpus
record.