

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00285-CR

**GARY ACY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 13th District Court
Navarro County, Texas
Trial Court No. 32375-CR

## MEMORANDUM  OPINION

The trial court convicted Gary Acy of retaliation and sentenced him to five years in prison.  In one issue, Acy contends that he received ineffective assistance of counsel. We affirm.

To prove ineffective assistance, an appellant must show that: (1) counsel's performance was deficient; and (2) the defense was prejudiced by counsel's deficient performance.  *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.

Ed. 2d 674 (1984); *see also Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).

Acy contends that trial counsel rendered ineffective assistance, identifying several instances when counsel acted or failed to act. However, Acy did not file a motion for new trial alleging ineffective assistance. The record is silent as to any reasons explaining trial counsel's actions and we will not so speculate. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Absent a record revealing trial counsel's strategy or motivation, Acy cannot defeat the strong presumption that trial counsel's actions fell within the wide range of reasonable professional assistance. *Id*. An ineffective assistance claim is better raised through an application for a writ of habeas corpus. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

We overrule Acy's sole issue and affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed May 5, 2010
Do not publish
[CR25]