**Affirmed as Modified and Opinion Filed April 6, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00210-CR

### STEPHEN SHAQUILLE BROOKS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82826-2013**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

A jury convicted Stephen Shaquille Brooks of two counts of sexual assault and assessed punishment at ten years in prison on both counts but recommended the sentence in the first count be suspended and appellant be placed on community supervision. The trial court ordered appellant's prison sentence to begin immediately and his ten-year community supervision to begin in five years. In one issue, appellant asserts he did not receive effective assistance of counsel. In a cross-issue, the State requests that we modify the judgment in count one to reflect that the sentences run concurrently. We overrule appellant's issue and sustain the State's cross-issue. We affirm the judgment in count two and affirm the judgment as modified in count one.

In August 2012, fifteen-year-old Jenny Choctaw (a pseudonym) sneaked out of her parents' house around midnight and met four male friends. The group rode around for a while

before ending up at the home of the then-eighteen-year-old appellant. Appellant provided the group with alcohol and marijuana. Jenny drank vodka and wine and became intoxicated. At one point, she was lying on the floor spitting up. Her friends became concerned she would not be able to sneak back into her house and decided to leave her with appellant. Jenny said that after her friends left, appellant sexually assaulted her vaginally and anally.

In his sole issue on appeal, appellant argues defense counsel did not provide effective representation because he failed to object to an improper closing argument by the State. Specifically, he asserts the prosecutor mentioned a tattoo on appellant's arm that read, "Treat Bitches Like Bitches," even though photographs of the tattoo were excluded from evidence. The complained-of argument was as follows:

> And you know what kind of person he is. You heard about his tattoos. You heard about the "Treat bitches like bitches." That gives him some attitude about how he feels for girls. They're just there for him, and if they're too drunk, if there's a drunk little girl, too bad for her.

To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Proper jury argument must fall within one of four general areas: summation of the evidence, reasonable deduction from the evidence, answer to argument of opposing counsel, and pleas for law enforcement. *Brown v. State*, 270 S.W.3d 564, 6750 (Tex. Crim. App. 2008). A prosecutor may not use closing argument to present evidence that is outside the record. *Freeman v. State*, 340 S.W.3d 717, 728 (Tex. Crim. App. 2011).

The record shows that although photographs of appellant's tattoos were excluded during the guilt-innocence phase of trial, a video recording of appellant's interview with the police was admitted into evidence. The recording shows that at the end of the interview, the detective

mentioned appellant had "cool tattoos" and asked what they all said. As appellant explained his tattoos, the detective leaned forward, lifted appellant's sleeve, and asked about one above his elbow that read, "Treat Bitches Like Bitches." Appellant said he was "sorry," explained he got the tattoo a year and a half ago when he was "young," and said he would get it removed.

Having reviewed the record, we conclude that evidence of the tattoo was not outside the record, and the prosecutor's argument regarding it was not only a proper summation of the evidence but a reasonable deduction. As such, it was not objectionable and appellant cannot be ineffective for failing to object. *See Weinn v. State*, 281 S.W.3d 633, 641 (Tex. App.—Amarillo 2009), *aff'd on other grounds,* 326 S.W.3d 189 (Tex. Crim. App. 2010). We overrule the sole issue.

In its cross-issue, the State asks that we modify the judgment in count one to reflect a commencement date of December 20, 2013 instead of December 20, 2018. At the time the judge accepted the jury's verdict and assessed punishment on both cases, he asked both the prosecutor and defense counsel for their positions on whether the sentences should run concurrently or consecutively. Defense counsel urged the former while the prosecutor urged the latter. The judge then ordered appellant's ten-year prison sentence in count two to begin immediately and his ten-year community supervision in count one to begin in five years. Both judgments provide that "confinement ordered shall run concurrently," but the judgment for the first count provides that appellant's sentence will commence in 2018.

In these cases, the trial court was authorized to order concurrent or consecutive sentences. *See* TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (West Supp. 2014). The State, however, asserts it has found no authority to support a "delayed, partial stacking" and further asserts that all parties involved previously reached an agreement that appellant's sentences would run concurrently. Given the State's assertion of an agreement, we modify the judgment in count one to reflect a

commencement date of December 20, 2013, such that appellant's two sentences run concurrently. *See* Tᴇx. R. Aᴘᴘ. P. 43.2(b).

We affirm the trial court's judgment in count two and affirm the judgment in count one as modified.


Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47.2(b)
140210F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEPHEN SHAQUILLE BROOKS,
Appellant

No. 05-14-00210-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-82826-2013.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the judgment on Count 2 is **AFFIRMED**.

The judgment on Count 1 is **MODIFIED** as follows:

To reflect December 20, 2013 as the Date Sentence Imposed and Date Sentence to Commence.

As **MODIFIED**, the judgment on Count 1 is **AFFIRMED**.


Judgment entered April 6, 2015.