

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00222-CR
No. 07-16-00223-CR
_____

TRAFTON RODGERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2016-409,230 (Counts I & II)
Honorable Jim Bob Darnell, Presiding

February 13, 2019

## ORDER DENYING MOTION FOR REHEARING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before this court is an extensive thirty-seven page letter from Appellant, Trafton Rodgers, complaining of matters he contends this court was "not privy to" when we affirmed his convictions on two counts of aggravated assault by threat with a deadly

weapon.[1]  *See Rodgers v. State*, Nos. 07-16-00222-CR, 07-16-00223-CR, 2018 Tex. App. LEXIS 10105 (Tex. App.—Amarillo Dec. 7, 2018, no pet. h.) (mem. op., not designated for publication).  Significant portions of that letter consist of "parts of [a] transcript not presented to the Seventh Court of Appeals" which Appellant contends support his claim of ineffective assistance of counsel—an issue raised on direct appeal. In the interest of justice, we liberally construe Appellant's filing to be a motion for rehearing filed pursuant to Rule 49.1 of the Texas Rules of Appellate Procedure, and remaining convinced that our original disposition was correct, we deny that motion with these additional comments.

The relationship between Appellant and the victims of the offenses for which he was convicted has a long and strained history, as more fully set forth in our original opinion.  Appellant contends his counsel was ineffective in conveying his explanation of the events leading to his convictions as a circumstance of self-defense and/or defense of a third party.  While we considered and rejected that claim on direct appeal, Appellant now contends our understanding of the issue was impaired by the lack of certain information relevant to that claim.  By his letter-motion, he seeks to provide us that information.  Due process and the rules of appellate procedure mandate that we not consider matters outside the record for purposes of our decision making.

As we said in our original opinion, a direct appeal is usually an inadequate vehicle for raising a claim of ineffective assistance because the record is generally undeveloped

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011).  An offense under this section is a second degree felony.

and cannot adequately reflect counsel's trial strategy. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). Therefore, the proper procedure for raising a claim of ineffective assistance is almost always a *habeas corpus* proceeding where the record can be appropriately supplemented. *See Aldrich v. State*, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003). *See also* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). Accordingly, Appellant's motion for rehearing is denied.

It is so ordered.

Per Curiam

Do not publish.