

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00184-CR

---

RICO MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS

---

On Appeal from the 140th District Court
Lubbock County, Texas,
Trial Court No. DC-2022-CR-0082, Honorable Douglas H. Freitag, Presiding

---

July 10, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury convicted Rico Martinez of injury to a child and assessed his punishment at forty years of imprisonment. Martinez appealed. Four of his five issues concern whether he was afforded effective assistance of counsel. Through the fifth, he asserts that the accumulation of apparently harmless trial errors entitled him to a new trial. We affirm.

*Issues One through Four—Ineffective Assistance of Counsel*

The pertinent standard of review is that discussed in *Pate v. State,* No. 07-15-00397-CR, 2017 Tex. App. LEXIS 8447 (Tex. App.—Amarillo Sept. 6, 2017, pet. ref'd)

(mem. op., not designated for publication). It consists of two elements or prongs. One requires the complainant to prove counsel provided deficient representation. *Id.* at *13. The other entails the duty to establish prejudice. *Id.* The failure to satisfy either requires our rejection of the complaint. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

### 1. Failure to Object to Evidence

Appellant's first accusation of deficient performance involves trial counsel's alleged failure to object to the admission of multiple pictures. Yet, he made no effort to explain, through citation to authority or substantive analysis, why the pictures were inadmissible. And, logically, unless they were inadmissible, one cannot say that the failure to object to them was deficient performance. *See Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002) (stating that when counsel is allegedly ineffective by failing to object to the admission of evidence, the defendant must show that the evidence was inadmissible). Nor did he provide the court with substantive discussion illustrating how he was prejudiced by the admission of pictures which may or may not be admissible. That alone requires us to overrule his first complaint. *Stiles v. State*, No. 07-19-00341-CR, 2021 Tex. App. LEXIS 5166, at *1–2 (Tex. App.—Amarillo June 29, 2021, no pet.) (mem. op., not designated for publication) (rejecting the claim of ineffective assistance because appellant attempted to establish prejudice through conclusory rather than substantive analysis).

### 2. Lack of Knowledge about Facebook

Next, appellant accuses his trial attorney of being ineffective because he knew little about Facebook. Yet, again, we were provided no substantive analysis explaining why this was prejudicial. So, we, again, overrule the complaint.

### 3. *Lack of an Expert Witness*

Next, appellant accuses trial counsel of being ineffective due to his alleged failure to present expert witness testimony.  In urging this complaint, though, he again fails to provide us with any substantive discussion on the topic of prejudice.  So too did he neglect to 1) prove that an expert witness was available to testify on his behalf and 2) explain how that expert's testimony would have benefitted him.  *See Garza v. State*, 298 S.W.3d 837, 842–43 (Tex. Crim. App. 2009) (stating that "[t]rial counsel's failure to call an expert is irrelevant absent a showing that an expert witness was available to testify on this issue and the expert's testimony would have benefitted Appellant").  Consequently, we overrule this issue as well.

### 4. *Permitting Appellant to Testify*

Next, appellant accuses his defense attorney of being ineffective because he (appellant) was allowed to testify, which circumstance exposed him to prejudicial questioning by the State.  As before, nothing was said about how this purported deficiency prejudiced appellant.  So, we overrule the issue.

### 5. *Cumulative Error*

Finally, appellant asserts that the "cumulative effect of the multiple errors at [his] trial rendered the proceeding fundamentally unfair."  Yet, he does not inform us of the supposed errors about which he complains.  And, assuming that he refers to the purportedly deficient conduct of his trial attorney, his analysis of harm or prejudice remained conclusory.  Establishing prejudice meant explaining why the alleged performance created "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Pate*, 2017 Tex. App.

LEXIS 8447, at *13. The appellant, not the court, has the obligation to satisfy that requirement. But, appellant made no effort to substantively discuss how the outcome (i.e., his conviction and ensuing punishment) would have differed had trial counsel not engaged in the supposedly deficient conduct. So, we overrule the issue.

The judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.