**Lee Arthur YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 195–93.

Court of Criminal Appeals of Texas, En Banc.

June 16, 1993.

ture. *Sitz v. Dept. of State Police,* 170 Mich.App. 433, 429 N.W.2d 180, 181 (Mich.App.1988).

Robert H. Rogers, Dallas, for appellant.

John Vance, Dist. Atty., and Sharon Batjer, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION REFUSING STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

This case is before us after having been remanded to the Court of Appeals. *Young v. State,* 826 S.W.2d 141 (Tex.Cr.App.1991). The Court of Appeals then determined on remand that the trial record did not support the trial court's ruling on appellant's *Batson*[1] motion and was therefore clearly erroneous. The Court of Appeals remanded for a new trial. *Young v. State,* 848 S.W.2d 203 (Tex.App.—Dallas 1992).

The State has petitioned this Court for discretionary review alleging three "points of error." (Rule 202(d)(4) T.R.A.P. provides for "grounds for review".) We will now refuse the State's petition, but in so doing, we will take this opportunity to make some hopefully clarifying remarks concerning the State's ground for review number two.[2]

Superficially, it would indeed appear as if this Court's decision in *Young* is in conflict with our decision in *Wright v. State,* 832 S.W.2d 601 (Tex.Cr.App.1992). Upon examination, however, there is no conflict. It must be remembered that the Supreme Court in *Batson* established a tripartite procedure for the disposition of claims of peremptory discrimination by an allegedly aggrieved criminal defendant. First, it is incumbent on the defendant to make a prima facie showing of racial discrimination by the prosecutor. Second, the prosecutor must *then* come forward with a race-neutral explanation for challenging cognizable minority jurors. Third, the trial court will then determine if the defendant has established purposeful discrimination. *Batson,* supra.

It should thus be obvious that at the core of *Batson,* is the premise that the prosecutor must bring forward his explanation *at trial* for his challenged peremptories, as was emphasized by Judge Benavides in his concurring opinion in *Wright:*

> "Undoubtedly, it is the prosecutor's obligation to tender such explanations at the time first called upon to do so in the trial court. It is no sufficient substitute to let her [prosecutor] offer them at a later time, certainly not on appeal or discretionary review. And it follows that any subsequent scrutiny by an appellate court of the voir dire process must necessarily be for the limited purpose of determining whether the prosecutor's tendered explanations can be refuted or corroborated and not as a surrogate for the explanations themselves."

*Wright,* at 605, Benavides, J., concurring.

In *Wright,* we pointed out that the prosecutor failed *at trial,* to offer a race-neutral explanation for a peremptory strike made against a cognizable racial minority venireperson. The State in *Wright* attempted to use the appellate record as a surrogate for the absence of a *trial* explanation.

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. THIS HONORABLE COURT SHOULD RECONSIDER ITS HOLDING IN *YOUNG,* IN LIGHT OF THE COURT'S DECISION IN *WRIGHT V. STATE,* 832 S.W.2d 601 (Tex.Crim. App.1992).

In *Young,* this Court addressed a different procedural situation. The defendant had concededly made a prima facie case of purposeful discrimination. The State, *at trial,* offered at least facially race-neutral explanations for his strikes. The trial court ruled in favor of the State. On appeal the defendant argued that there was disparate treatment by the prosecutor of venirepersons of different ethnic or racial backgrounds. So the tripartite procedure discussed and mandated in *Batson* had already taken place, and the only issue addressed by this Court was strictly one of State procedural interpretation, i.e., whether a defendant could conduct or ask for the conduction of a comparative analysis of the disparate treatment of venirepersons by the prosecutor for the first time on appeal.

The Supreme Court's mandate in *Batson* itself, and our explanation in Judge Benavides' concurring opinion in *Young,* lead us to the firm conclusion that *Young* and *Wright* are not in conflict. With these observations, we will refuse the State's Petition for Discretionary Review.

MEYERS, Judge, concurring.

I am reluctant to write concerning our refusal of the State's petition for discretionary review. However, as my brethren have felt compelled to confront what the State has termed as a contradiction in our precedents by making some "hopefully clarifying remarks," I must do so.

Initially, the manner in which we comment today bears remark. I do not believe brief explanations addressing the State's perceived contradiction in our precedents are merited in a *refusal* of their petition. Rather, if the confusion over our precedents is merited then we should grant review at some point, not comment and refuse review. However, our Court should be cautious in granting review in all instances, and the cases in which we grant review should be carefully screened to determine the best scenario for advancing the jurisprudence of our State. Often this means allowing our courts of appeals to develop differing jurisprudence, so as to help in the determinations of what is the most efficient and just manner in exercising our appellate roles.

I agree in part with the majority today in its decision to deny the State's petition. I believe *Young v. State,* 826 S.W.2d 141 (Tex.Crim.App.1991), was correctly decided, and that its application in practice is narrow. *Young* only concerns review by appellate courts where they are evaluating the evidence presented by the State and determining the merits of whether it refutes or corroborates the State's arguments. Neither the majority or the dissent in the Fifth Court of Appeals believe there is a conflict in our decisions in *Wright v. State,* 832 S.W.2d 601 (Tex.Crim.App.1992) and *Young, supra.* Additionally, I am inclined to permit our courts of appeals to operate under our precedents and will consider the merits of the State's arguments in more appropriate circumstances in the future.

MALONEY, Judge, dissenting.

I would grant the State's Petition for Discretionary Review to reexamine our holding in Young. Allowing disparity to be raised for the first time on appeal without the trial judge having had the benefit of submission of that issue and ruling on it is tantamount to a sandbag of the greatest magnitude. Because the majority refuses to grant the State's petition, I respectfully dissent.

McCORMICK, P.J., and WHITE, J., join.