

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1438-06

**BRYAN KEITH WATKINS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

**KELLER, P.J., filed a concurring opinion.**

A big part of appellant's *Batson* argument is his claim that a comparative analysis shows disparate treatment of similarly situated jurors by the prosecution. Appellant concedes that he made no comparative arguments to the trial court but claims that he was not required to under *Young v. State*.[1] Appellant is correct about our holding in *Young*, but I believe *Young* was wrongly decided and should be overruled.

As Judge Maloney said about this issue, "Allowing disparity to be raised for the first time

---

[1] 826 S.W.2d 141 (Tex. Crim. App. 1991).

on appeal without the trial judge having had the benefit of submission of that issue and ruling on it is tantamount to a sandbag of the greatest magnitude."[2] There are at least two reasons why allowing a comparative analysis to be raised for the first time on appeal undermines "the underlying policies of the general rules of procedural default."[3]

First, the trial judge should be allowed the opportunity to take corrective measures, so that the parties may avoid the time and expense of reversal and retrial. It is unrealistic to expect the trial judge, in the midst of the proceedings, "to search alone for the most arcane evidence of racial prejudice in a long transcript of jury selection [and] to then notice that evidence without any request from its beneficiary."[4] If a defendant believes that certain jurors who were not struck were similarly situated to those who were, he should alert the trial judge to that state of affairs so that the judge can take curative action if it is determined that the defendant's complaint has merit. As the present case shows – where the trial judge actually reseated one of the challenged jurors – we should not assume that a defendant's *Batson* complaints are an exercise in futility that can be remedied only after trial.

Second, for an appellate court to have a proper basis upon which to conduct a comparative analysis, the prosecutor must be afforded the opportunity to explain the reasons for his conduct. In the ineffective assistance of counsel context, defense counsel is ordinarily given the opportunity to explain why he acted or failed to act before he is denounced as ineffective.[5] The prosecutor should

---

[2] *Young v. State*, 856 S.W.2d 175, 177 (Tex. Crim. App. 1993)(Maloney, J., dissenting to refusal to grant review).

[3] *Gonzalez v. State*, 8 S.W.3d 640, 645 (Tex. Crim. App. 2000).

[4] *Young*, 826 S.W.2d at 156 (Benavides, J., dissenting on rehearing).

[5] *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

likewise be afforded the opportunity to explain his conduct before he is denounced as someone who has engaged in racial discrimination. Indeed, the *Batson* prong calling for the prosecutor to provide a race-neutral reason for exercising a strike[6] helps to serve that purpose. But the opportunity to explain his actions is not complete if the prosecutor has not been given the chance to explain why he did *not* strike certain prospective jurors, when a claim would later be made that those prospective jurors were similarly situated to those who were struck. If alerted to the issue, the prosecutor might be able to point to a legitimate reason for the seeming disparity that would not otherwise appear in the record. As Judge Benavides said in his dissent on rehearing in *Young*: "Without some reasonably clear indication from appellant of the circumstances from voir dire upon which he intended to rely for proof of a racial motive, the State was effectively denied a chance to object to that evidence or to meet it with controverting evidence."[7]

With these comments, I concur in the Court's judgment.

Filed: February 13, 2008
Publish

---

[6] *See Batson v. Kentucky*, 476 U.S. 79, 97-98 (1986).

[7] 826 S.W.2d at 155.