IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1438-06 






BRYAN KEITH WATKINS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Keller, P.J., filed a concurring opinion.


 A big part of appellant's Batson argument is his claim that a comparative analysis shows
disparate treatment of similarly situated jurors by the prosecution. Appellant concedes that he made
no comparative arguments to the trial court but claims that he was not required to under Young v.
State. (1) Appellant is correct about our holding in Young, but I believe Young was wrongly decided
and should be overruled.

 As Judge Maloney said about this issue, "Allowing disparity to be raised for the first time
on appeal without the trial judge having had the benefit of submission of that issue and ruling on it
is tantamount to a sandbag of the greatest magnitude." (2) There are at least two reasons why allowing
a comparative analysis to be raised for the first time on appeal undermines "the underlying policies
of the general rules of procedural default." (3)

 First, the trial judge should be allowed the opportunity to take corrective measures, so that
the parties may avoid the time and expense of reversal and retrial. It is unrealistic to expect the trial
judge, in the midst of the proceedings, "to search alone for the most arcane evidence of racial
prejudice in a long transcript of jury selection [and] to then notice that evidence without any request
from its beneficiary." (4) If a defendant believes that certain jurors who were not struck were similarly
situated to those who were, he should alert the trial judge to that state of affairs so that the judge can
take curative action if it is determined that the defendant's complaint has merit. As the present case
shows - where the trial judge actually reseated one of the challenged jurors - we should not assume
that a defendant's Batson complaints are an exercise in futility that can be remedied only after trial.

 Second, for an appellate court to have a proper basis upon which to conduct a comparative
analysis, the prosecutor must be afforded the opportunity to explain the reasons for his conduct. In
the ineffective assistance of counsel context, defense counsel is ordinarily given the opportunity to
explain why he acted or failed to act before he is denounced as ineffective. (5) The prosecutor should
likewise be afforded the opportunity to explain his conduct before he is denounced as someone who
has engaged in racial discrimination. Indeed, the Batson prong calling for the prosecutor to provide
a race-neutral reason for exercising a strike (6) helps to serve that purpose. But the opportunity to
explain his actions is not complete if the prosecutor has not been given the chance to explain why
he did not strike certain prospective jurors, when a claim would later be made that those prospective
jurors were similarly situated to those who were struck. If alerted to the issue, the prosecutor might
be able to point to a legitimate reason for the seeming disparity that would not otherwise appear in
the record. As Judge Benavides said in his dissent on rehearing in Young: "Without some reasonably
clear indication from appellant of the circumstances from voir dire upon which he intended to rely
for proof of a racial motive, the State was effectively denied a chance to object to that evidence or
to meet it with controverting evidence." (7)

 With these comments, I concur in the Court's judgment.

Filed: February 13, 2008

Publish




 
1. 826 S.W.2d 141 (Tex. Crim. App. 1991).
2. Young v. State, 856 S.W.2d 175, 177 (Tex. Crim. App. 1993)(Maloney, J., dissenting to
refusal to grant review). 
3. Gonzalez v. State, 8 S.W.3d 640, 645 (Tex. Crim. App. 2000).
4. Young, 826 S.W.2d at 156 (Benavides, J., dissenting on rehearing).
5. Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). 
6. See Batson v. Kentucky, 476 U.S. 79, 97-98 (1986).
7. 826 S.W.2d at 155.