IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00057-CR

 

Boyd Lee Rice,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court at Law No.
2

McLennan County, Texas

Trial Court No. 2005-3744-CR2

 



MEMORANDUM  Opinion



 








            A jury convicted Boyd Lee Rice of
driving while intoxicated and the trial court sentenced him to ninety days in
jail, probated for twelve months, and assessed a $2,000 fine.  In one issue,
Rice contends that he was denied effective assistance of counsel when his
attorney did not seek to suppress evidence allegedly obtained in violation of
article 14.03(g) of the Code of Criminal Procedure.  We affirm.

To prove ineffective assistance, an appellant must show that:
(1) counsel’s performance was deficient; and (2) the defense was prejudiced by
counsel’s deficient performance.  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).  The
appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission.  Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  There is “a strong presumption that counsel’s conduct
fell within a wide range of reasonable representation.”  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  “[A]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.”  Thompson
v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999).

              Rice complains of trial counsel’s
failure to file a motion to suppress, alleging that he was illegally stopped because
the officer was acting outside his jurisdiction and stopped Rice for a mere traffic
offense.  Rice’s motion for new trial did not allege ineffective assistance.  The
record is silent as to trial counsel’s reasons for not filing a motion to
suppress.

              However, trial
counsel may have determined that the stop was authorized by subsections (d) and
(g) of article 14.03.[1]  In Brother v. State, 166 S.W.3d 255 (Tex. Crim. App. 2005), the Court of Criminal Appeals upheld the trial court’s denial of a
motion to suppress where an officer effectuated the stop outside his
jurisdiction:

Appellant was stopped outside the arresting
officer’s jurisdiction based on the officer’s probable cause that DWI was
underway, and the officer so testified. The officer was resolute that the
caller had provided facts which led him to believe that DWI--not traffic
offenses--was afoot. Therefore, Article 14.03(g) did
not prohibit the stop outside the officer’s jurisdiction. 

 

Moreover, Article 14.03(d)
further authorized the stop.  Subsection (d)
provides that an officer may make an extra-jurisdictional stop for felony
offenses, disorderly conduct offenses under Chapter 42,
intoxication offenses under Chapter 49, and
breaches of the peace that are committed within the officer’s view.  Based on
the officer’s testimony here, the trial court could have reasonably found that
an intoxication offense was taking place.  Therefore, the stop was authorized
by both subsections (d) and (g). 

 

166 S.W.3d at 260 (internal citations omitted).  In Mitchell
v. State, 187 S.W.3d
113 (Tex. App.—Waco 2006, pet. ref’d),
we upheld the trial court’s denial of a motion to suppress where Venus Police
Officer Bryan Fulbright effectuated a stop outside his jurisdiction.  187 S.W.3d at 114.  Based on an unidentified citizen’s report and his
own observations, Fulbright suspected Mitchell of driving while intoxicated and
so was authorized to stop Mitchell under subdivisions (d) and (g) of article 14.03, even
though he was outside Venus city limits.  Id. at 116.

           In this case, John Jay Justice witnessed Rice
speeding and contacted the Robinson Police Department.  Justice remained on the
phone with the dispatcher, continued following Rice, and observed Rice weave
through different lanes of traffic, drive in the same lane as oncoming traffic,
and run a red light.  Justice communicated Rice’s movements to dispatch.  Robinson
Police Officer Patrick Carey testified that he responded to Justice’s traffic
complaint that Rice was speeding.  He further testified that “based on the type
of call this is a possible drunk driver.”  Carey observed Rice weaving in
different lanes.  He effectuated the stop in Falls County, outside his McLennan County jurisdiction.  He observed a strong odor of alcohol coming from Rice’s
vehicle and administered field sobriety tests that Rice failed.  Rice refused
to submit to a breath test. 

              Based on this evidence, the trial
court could have determined that subsections (d) and (g) authorized the stop
because Carey could have reasonably suspected that an intoxication offense was occurring
and so denied a motion to suppress evidence resulting from the stop.  See Brother, 166 S.W.3d at 260; see
also Mitchell, 187 S.W.3d at 116.  Accordingly, trial counsel could have felt that a motion to suppress
would have been frivolous under the circumstances.

              While this, and other reasons, may
explain trial counsel’s failure to file a motion to suppress, we may not speculate as to those reasons.  See Robinson v. State, 22 S.W.3d 631, 636 (Tex. App.—Waco 2000, pet.
ref’d).  Absent a record revealing
trial counsel’s strategy or motivation, Rice has not defeated the strong
presumption that trial counsel’s actions fell within the wide range of
reasonable professional assistance.  See Thompson, 9 S.W.3d at 814.  Rice’s ineffective assistance claim is better
raised through an application for a writ of habeas corpus.  See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Bone, 77 S.W.3d at 837 n.30. 
The judgment is affirmed.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed February 27, 2008

Do not publish

[CR25]

 

 









[1]
              At the time the offense was committed, subsection (d) provided:

 

A peace officer who is outside his jurisdiction
may arrest, without warrant, a person who commits an offense within the
officer's presence or view, if the offense is a felony, a violation of Chapter
42 or 49, Penal Code, or a breach of the peace. 

 

Act of May 29, 2003, 78th Leg., R.S., ch. 897, § 1, 2003 Tex. Gen.
Laws 2723 (current version at Tex. Code
Crim. Proc. Ann. art. 14.03(d) (Vernon Supp. 2007)).

 

Subsection (g)(2) provided:

 

A peace officer listed in Subdivision (1), (2),
(3), (4), or (5), Article 2.12, who is licensed under Chapter 415, Government
Code, and is outside of the officer's jurisdiction may arrest without a warrant
a person who commits any offense within the officer's presence or view, except
that an officer who is outside the officer's jurisdiction may arrest a person
for a violation of Subtitle C, Title 7, Transportation Code, only if the
officer is listed in Subdivision (4), Article 2.12. 

 

Act of May 10, 1999, 76th Leg., R.S., ch. 210, § 2, 1999 Tex. Gen.
Laws 686, 686-87 (amended 2005) (current version at Tex. Code Crim. Proc. Ann. art. 14.03(g)(2) (Vernon Supp. 2007)).