Robert RYLANDER, Appellant,

v.

The STATE of Texas.

Nos. 739–02, 740–02, 741–02.

Court of Criminal Appeals of Texas, En Banc.

March 26, 2003.

---

Anthony Martin Smith, San Antonio, for Appellant.

Mary Beth Welsh, Asst. DA, San Antonio, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

Appellant was charged in three separate indictments with three offenses of aggra-

vated assault, all alleged to have occurred on or about May 29, 1999. In a trial by jury, appellant was convicted of all three charges, whereupon the jury assessed punishment at 20 years incarceration for the assault against the public servant, and 11 years incarceration for each of the other two assaults.

On appeal, appellant's sole issue asserted that his convictions should be reversed because of "numerous serious errors and omissions by trial counsel constituting ineffective assistance of counsel." The court of appeals considered the three appealed convictions in a single opinion. After discussing several deficiencies in trial counsel's representation, the court of appeals agreed that the totality of counsel's representation undermined the court of appeals' confidence in the conviction and reversed the trial court's judgment. *Rylander v. State*, 75 S.W.3d 119 (Tex.App.-San Antonio 2002).

The state filed a single, joint petition for the three cases and challenged the court of appeals' analysis and its finding of ineffective assistance of trial counsel. We granted the state's three grounds for review, which allege that the court of appeals: 1) erred in ignoring the two-prong *Strickland* test requiring that the claim of ineffectiveness be affirmatively supported by the record; 2) erred in holding counsel's performance deficient based on a record that "was devoid of any evidence demonstrating that counsel's alleged errors were. not based upon sound tactical decisions"; and 3) failed to properly apply the prejudice prong of *Strickland*.

The state alleges that the court of appeals reached its decision "based on speculation and at least two assumptions not supported by the record." The first alleged assumption is that counsel made no attempt to obtain medical expert testimony to support appellant's only viable defense.

According to the state, this assumption appears to be based on the absence, in the record, of a subpoena for a medical expert. The second alleged assumption is that "automatism" is a viable defense. The state asserts that the record does not support such a conclusion. The state also argues that, because there is nothing in the record to indicate why counsel chose his particular course of action, the record does not demonstrate ineffective assistance. The state further argues that the court of appeals abandoned the *Strickland* standard and based its decision on hindsight and speculation.

The record reveals that, after an altercation in a country-and-western bar's parking lot during which appellant was punched in the nose, appellant drove his truck through the parking lot, striking multiple vehicles and people, including an off-duty police officer who was providing security for the bar. In his opening statement, trial counsel stated that the jury would hear testimony about appellant's past medical conditions that would verify that a person with the kind of condition suffered by appellant could not "possibly formulate the intent and be guilty of the causation" that the state was accusing him of. Appellant subsequently testified that he was diabetic, used insulin, and had previously suffered severe head trauma in a motorcycle wreck which resulted in him being in a coma for several days. Appellant indicated that, since the motorcycle wreck, he has suffered memory lapses because of problems with his blood sugar level and direct blows to the head. He also testified that he did not recall this incident or remember what happened, but insisted that, had he been in his right state of mind, he would not have done "a thing like that."

To show that trial counsel was ineffective, appellant must demonstrate

that: 1) trial counsel's performance was deficient because it fell below an objective standard of reasonableness; and 2) a probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. 2052, states that judicial scrutiny of counsel's performance must be highly deferential and that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Thus "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.,* quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). Failure of appellant to make either of the required showings of deficient performance and sufficient prejudice defeats the claim of ineffective assistance. *Thompson,* 9 S.W.3d at 813.

Appellant argues that the court of appeals properly analyzed and sustained his claim of ineffective assistance of counsel and that the multiple deficiencies discussed by the court of appeals support that court's finding that counsel's representation fell below a reasonable standard of professional assistance. He also suggests that explanation by trial counsel is not required to bring a successful claim of ineffective assistance. Further, applicant agrees with the court of appeals' analysis and conclusion regarding the prejudice component of his ineffective assistance claim.

The court of appeals emphasized that appellant's *"only* defense was to challenge the voluntariness of his actions and/or his culpability." *Rylander,* 75 S.W.3d at 122. (Emphasis in original.) It pointed out that trial counsel failed to present qualified medical testimony in support of that defense, but rather sought to submit such testimony through non-medical witnesses, whose testimony, pursuant to the state's objection, the trial court disallowed. *Id.* The court of appeals also cited and was troubled by "other related errors," such as failing to file a pre-trial motion for continuance to obtain or proffer qualified medical testimony, and the failure to investigate the state's physician's—assistant witness. *Id.* at 123–24. The court also noted "trial counsel's failures during the punishment phase," such as waiving an opening statement, failing to adequately prepare certain witnesses (resulting in damaging and prejudicial testimony), misunderstanding the law on restitution and therefore misinforming the jury on restitution, and making prejudicial comments and references during closing argument. *Id.* at 124–25.

■ Though the incidents cited by the court of appeals can reasonably raise questions as to the wisdom of and rationale for certain trial preparation and trial strategy decisions, because the ineffective assistance claim is raised on direct appeal, trial counsel has not had an opportunity to respond to these areas of concern. We have previously stated that the record on direct appeal will generally "not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard" as "[t]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record." *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App.2002). Thus an application for a writ of *habeas corpus* is the more appropriate vehicle to raise ineffective assistance of counsel claims. *Id.*

■ In this case, like the majority of cases, "the record on direct appeal is unde-

veloped and cannot adequately reflect the motives behind trial counsel's actions." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim.App.2001). As in *Thompson, supra,* the record is silent as to why appellant's trial counsel took or failed to take the actions which undermined the court of appeals' confidence in the convictions. As we recently stated in addressing a similar claim in *Bone v. State*, 77 S.W.3d 828, 836 (Tex.Crim.App.2002), trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. Based upon the totality of this record, we cannot conclude that appellant has established that trial counsel's performance fell below an objective standard of reasonableness and, thereby, has satisfied the first prong of *Strickland.* Therefore, we are unable to conclude that appellant has met the requirements of *Strickland.* We hold that the court of appeals erred in holding that appellant was afforded ineffective assistance of counsel at trial. Accordingly, we sustain the state's three grounds for review.[1]

We reverse the judgments of the court of appeals and affirm the judgments and sentences of the trial court.

MEYERS, J., filed a dissenting opinion.

HERVEY, J., not participating.

MEYERS, J., dissenting.

Again, the majority chooses to dispose of an ineffective assistance of counsel claim rather than analyzing it. The Court instead explains that the record is insufficient to show that the *Strickland* requirements have been met. Under *Strickland,*

a defendant must prove that there is no plausible professional reason for a specific act or omission. If there is no viable reason for counsel's trial conduct then why should we allow the opportunity to explain? The first prong of *Strickland* requires the defendant to demonstrate that trial counsel's performance fell below an objective standard of reasonableness. However, if counsel's errors were so obviously unprofessional then there should be no need for an explanation of his subjective intent. The majority states that in most cases, the record on direct appeal is insufficient to elucidate the motives behind trial counsel's actions. However, when the error is blatant and there is no possible trial strategy that could explain counsel's conduct then we don't need to know his subjective intent and there is no need for information outside the record. In such situations, appellant should be able to bring a direct appeal and obtain a judgment by the appellate court without this Court vitiating the decision. With this majority opinion, all the Court achieves is to wipe out a valid Court of Appeals opinion without a sufficient reason. Therefore, I dissent.

---

1. We are mindful that we are not deciding on this direct appeal whether appellant did or did not receive effective assistance of counsel during his trial; we are reviewing only the court of appeals' determination of that issue based upon the record before it. Appellant may still submit his ineffective assistance of counsel claim for review on the merits in an application for writ of *habeas corpus. Bone,* 77 S.W.3d at 837, n. 30; *Thompson,* 9 S.W.3d at 814–15.