

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-342-CR

CLARK ORLANDA BUSBY                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Clark Orlanda Busby appeals his conviction for possession of a controlled substance (cocaine) under one gram.  In one point, Busby argues that he received ineffective assistance of counsel.  We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Trooper Kristopher S. Hall saw a vehicle in Hood County traveling "well above the posted speed limit of 70." Busby was driving the vehicle, which he had borrowed from his friend, Anna Isabelle Pico. Trooper Hall stopped the vehicle and noticed an odor of marijuana coming from inside the vehicle. Trooper Hall questioned Busby about the odor, and Busby admitted to having marijuana in the vehicle. The trooper then ran a background check and discovered an outstanding warrant for Busby's arrest based on a speeding ticket. Trooper Hall arrested Busby, searched the vehicle, and found a bronze-colored Brillo pad on the rear floorboard that raised Trooper Hall's suspicions because, according to his testimony at Busby's trial, crack cocaine users often use Brillo pads as filters in crack pipes. Trooper Hall then searched the back of the vehicle and found a backpack containing some men's clothing and a used crack pipe, which contained a piece of Brillo pad. Trooper Hall also found a bag of marijuana in the front of the vehicle in the ceiling area.

Busby was charged with possession of cocaine under one gram based on the residue found in the crack pipe. A jury found Busby guilty and assessed his punishment at two years' confinement in the State Jail Division of the Texas Department of Criminal Justice and a $10,000 fine. The trial court sentenced him accordingly.

### III. Effective Assistance of Counsel

Busby argues on appeal that his defense counsel was ineffective for not questioning the venire panel about possible racial bias during jury selection. Busby contends that, "[g]iven the extreme disparity of the ratio of blacks to whites in Hood County, Texas, it seems highly likely that there are some citizens who harbor some degree of racial prejudice."

### A. Standard of Review

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).[2]

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.

---

[2] Because, as set forth below, the record before us does not support a finding that Busby's defense counsel was ineffective under *Strickland*'s first prong, we do not include an analysis of *Strickland*'s second prong. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 (providing that appellate courts need not address both prongs of the inquiry if the defendant makes an insufficient showing on one prong).

*Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

## B. Counsel Not Ineffective

Here, Busby did not file a motion for new trial, and the record is silent as to defense counsel's reasoning for not questioning the venire panel about potential racial bias. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See*

4

*Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Edwards v. State*, 280 S.W.3d 441, 445 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Jackson v. State*, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (holding record, which did not contain counsel's reason for not challenging admittedly biased juror, did not rebut presumption of reasonable assistance); *Beck v. State*, 976 S.W.2d 265, 267 (Tex. App.—Amarillo 1998, pet. ref'd) (noting counsel's motives during voir dire went undeveloped when appellant did not move for new trial).

Moreover, the record shows that defense counsel conducted a meaningful voir dire. She extensively questioned the panel on Busby's primary defensive theory—that he had borrowed the vehicle from a friend and that he had not known the contents of the back of the vehicle—by asking the panel members whether they thought a person knowingly possesses the contents of a borrowed vehicle. Defense counsel also questioned the panel members about whether they had family or friends with drug problems or in law enforcement. Defense counsel's decision not to question the panel about racial bias could have been sound trial strategy.[3] *See, e.g., Beck*, 976 S.W.2d at 267 (stating that to hold counsel ineffective for not questioning panel on racial bias would improperly micro-manage trial counsel's actions); *Calderon v. State*, 950 S.W.2d 121, 127 (Tex. App.—El Paso 1997, no

---

[3] Busby is African American. Prior to trial, defense counsel filed a motion in limine, requesting that the trial court order the State to refrain from referencing Busby's race or ethnicity; defense counsel clearly wanted to keep race from being an issue at trial.

pet.) (holding appellant failed to satisfy first *Strickland* prong when any number of strategic theories could be inferred from counsel's choices during voir dire); *accord Jackson v. State*, 491 S.W.2d 155, 156 (Tex. Crim. App. 1973) (explaining that short, ten-minute voir dire could have been dictated by trial strategy).

Based on the record before us, in light of the strong presumption of reasonable professional assistance by defense counsel, and in the absence of any opportunity for defense counsel to explain her motives for not questioning the venire panel about potential racial bias, we cannot say that Busby has met his burden of showing by a preponderance of the evidence that his defense counsel's representation fell below the standard of prevailing professional norms. *See Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Rylander*, 101 S.W.3d at 110; *Thompson*, 9 S.W.3d at 813; *Jackson*, 877 S.W.2d at 772; *Edwards*, 280 S.W.3d at 445; *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (stating that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective"). We overrule Busby's sole point.

## IV. CONCLUSION

Having overruled Busby's sole point, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

6

DELIVERED: April 22, 2010