COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-342-CR

 

 

CLARK ORLANDA BUSBY                                                                 APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

------------

 

FROM THE 355TH
DISTRICT COURT OF HOOD COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  INTRODUCTION

Appellant
Clark Orlanda Busby appeals his conviction for possession of a controlled
substance (cocaine) under one gram.  In
one point, Busby argues that he received ineffective assistance of
counsel.  We will affirm.








II. FACTUAL AND PROCEDURAL BACKGROUND

Trooper
Kristopher S. Hall saw a vehicle in Hood County traveling Awell
above the posted speed limit of 70.@  Busby was driving the vehicle, which he had
borrowed from his friend, Anna Isabelle Pico. 
Trooper Hall stopped the vehicle and noticed an odor of marijuana coming
from inside the vehicle. Trooper Hall questioned Busby about the odor, and
Busby admitted to having marijuana in the vehicle.  The trooper then ran a background check and
discovered an outstanding warrant for Busby=s
arrest based on a speeding ticket. 
Trooper Hall arrested Busby, searched the vehicle, and found a
bronze-colored Brillo pad on the rear floorboard that raised Trooper Hall=s
suspicions because, according to his testimony at Busby=s
trial, crack cocaine users often use Brillo pads as filters in crack
pipes.  Trooper Hall then searched the back
of the vehicle and found a backpack containing some men=s
clothing and a used crack pipe, which contained a piece of Brillo pad.  Trooper Hall also found a bag of marijuana in
the front of the vehicle in the ceiling area.

Busby
was charged with possession of cocaine under one gram based on the residue
found in the crack pipe.  A jury found
Busby guilty and assessed his punishment at two years=
confinement in the State Jail Division of the Texas Department of Criminal
Justice and a $10,000 fine.  The trial
court sentenced him accordingly.  








III.  EFFECTIVE ASSISTANCE
OF COUNSEL

Busby
argues on appeal that his defense counsel was ineffective for not questioning
the venire panel about possible racial bias during jury selection.  Busby contends that, A[g]iven
the extreme disparity of the ratio of blacks to whites in Hood County, Texas,
it seems highly likely that there are some citizens who harbor some degree of
racial prejudice.@

A. 
Standard of Review

To
establish ineffective assistance of counsel, an appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).[2]








In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing professional
norms at the time of the alleged error.  See
Strickland, 466 U.S. at 688B89,
104 S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a position
on direct appeal to fairly evaluate the merits of an ineffective assistance
claim.  Thompson, 9 S.W.3d at 813B14.  AIn
the majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

B. 
Counsel Not Ineffective








Here,
Busby did not file a motion for new trial, and the record is silent as to
defense counsel=s reasoning for not
questioning the venire panel about potential racial bias.  Generally, a silent record that provides no
explanation for counsel=s actions will not overcome
the strong presumption of reasonable assistance.  See Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003); Edwards v. State, 280 S.W.3d 441, 445 (Tex. App.CFort
Worth 2009, pet. ref=d); see also Jackson v.
State, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (holding record, which
did not contain counsel=s reason for not challenging
admittedly biased juror, did not rebut presumption of reasonable assistance); Beck
v. State, 976 S.W.2d 265, 267 (Tex. App.CAmarillo
1998, pet. ref=d)
(noting counsel=s motives during voir dire
went undeveloped when appellant did not move for new trial). 








Moreover,
the record shows that defense counsel conducted a meaningful voir dire.  She extensively questioned the panel on Busby=s
primary defensive theoryCthat he had borrowed the
vehicle from a friend and that he had not known the contents of the back of the
vehicleCby
asking the panel members whether they thought a person knowingly possesses the
contents of a borrowed vehicle.  Defense
counsel also questioned the panel members about whether they had family or
friends with drug problems or in law enforcement.  Defense counsel=s
decision not to question the panel about racial bias could have been sound
trial strategy.[3]  See, e.g., Beck, 976 S.W.2d at
267 (stating that to hold counsel ineffective for not questioning panel on
racial bias would improperly micro-manage trial counsel=s
actions); Calderon v. State, 950 S.W.2d 121, 127 (Tex. App.CEl
Paso 1997, no pet.) (holding appellant failed to satisfy first Strickland
prong when any number of strategic theories could be inferred from counsel=s
choices during voir dire); accord Jackson v. State, 491 S.W.2d
155, 156 (Tex. Crim. App. 1973) (explaining that short, ten-minute voir dire
could have been dictated by trial strategy).

Based
on the record before us, in light of the strong presumption of reasonable
professional assistance by defense counsel, and in the absence of any
opportunity for defense counsel to explain her motives for not questioning the
venire panel about potential racial bias, we cannot say that Busby has met his
burden of showing by a preponderance of the evidence that his defense counsel=s
representation fell below the standard of prevailing professional norms.  See Strickland, 466 U.S. at 690, 104
S. Ct. at 2066; Rylander, 101 S.W.3d at 110; Thompson, 9 S.W.3d
at 813; Jackson, 877 S.W.2d at 772; Edwards, 280 S.W.3d at 445; see
also Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App.
2005) (stating that Atrial counsel should
ordinarily be afforded an opportunity to explain his actions before being
denounced as ineffective@).  We overrule Busby=s
sole point.

IV. CONCLUSION

Having
overruled Busby=s sole point, we affirm the
trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL:
DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
April 22, 2010











[1]See Tex. R. App. P. 47.4.





[2]Because, as set forth
below, the record before us does not support a finding that Busby=s defense counsel was
ineffective under Strickland=s first prong, we do not include an analysis
of Strickland=s second prong.  See Strickland, 466 U.S. at 697, 104
S. Ct. at 2069 (providing that appellate courts need not address both prongs of
the inquiry if the defendant makes an insufficient showing on one prong).





[3]Busby is African
American.  Prior to trial, defense
counsel filed a motion in limine, requesting that the trial court order the
State to refrain from referencing Busby=s race or ethnicity; defense counsel clearly
wanted to keep race from being an issue at trial.