

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-363-CR

EVERETT LEE LAUDERDALE                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

Appellant Everett Lee Lauderdale appeals his eight-year sentence for possession with intent to deliver a controlled substance, namely cocaine, of four grams or more, but less than 200 grams. In a single point, Lauderdale claims that he received ineffective assistance of counsel. We will affirm.

---

[1]See Tex. R. App. P. 47.4.

## II. FACTUAL & PROCEDURAL BACKGROUND

Lauderdale entered an open plea of guilty, and the trial court ordered that a presentence investigation report (PSI) be prepared and set a hearing on punishment. At the punishment hearing, the defense called Lauderdale's father-in-law and wife to testify. Both testified that although Lauderdale had problems with drugs in the past, he was trying to clean up and deserved a second chance. Lauderdale's wife testified on cross-examination that Lauderdale had been arrested in Arkansas once before for a drug-related offense but that he had never gone to prison.[2]

The defense recommended community supervision. The trial court sentenced Lauderdale to eight years' confinement.

Notice of appeal was timely filed. Counsel for Lauderdale filed a motion for new trial, arguing that the verdict was contrary to the law and the evidence.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

In his sole point, Lauderdale claims that he did not receive effective assistance of counsel as guaranteed by the Sixth Amendment because his trial counsel failed to discover, investigate, and prepare against the unadjudicated offense that the State cross-examined his wife about during the punishment

---

[2] The PSI also included this prior unadjudicated offense. The trial court did not review the PSI but placed the original under seal in the clerk's file at the close of the punishment hearing.

hearing. Specifically, he contends that trial counsel failed to request, under article 37.07, section (3)(g) of the Texas Code of Criminal Procedure, that the State provide notice of intent to offer evidence of extraneous crimes or bad acts.

### A. Standard of Review

We apply a two-pronged test to ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 62–63; *Thompson*, 9 S.W.3d at 812; *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). There is no requirement that an appellate court approach the two-pronged inquiry of *Strickland* in any particular order or even address both components of the inquiry if the defendant makes an insufficient showing on one component. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.

3

*Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

## B. Record is Insufficient to Establish Ineffectiveness

Here, although the record does not include a request by Lauderdale's counsel for the State to provide notice of its intent to offer evidence of extraneous crimes or bad acts, the PSI refers to the unadjudicated offense that the State

4

questioned Lauderdale's wife about during cross-examination. It is evident from the record that defense counsel received the PSI prior to the sentencing hearing and knew its contents. During closing arguments at the punishment hearing, defense counsel stated, "Mr. Lauderdale knows that he's made some mistakes. . . . He started using drugs in Arkansas, got involved with gangs. It's all in the [PSI]."

Moreover, the record is silent as to trial counsel's trial strategy in calling Lauderdale's wife to testify and as to his strategy and methods of discovering, investigating, and preparing for the punishment hearing. Lauderdale did not complain of ineffective assistance of counsel in his motion for new trial, nor does there appear to have been a hearing on his motion for new trial.

Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Edwards v. State*, 280 S.W.3d 441, 445 (Tex. App.——Fort Worth 2009, pet. ref'd). Because the record is silent as to defense counsel's strategy and methods used in discovering and preparing for the complained-of unadjudicated offense and because the claim of ineffectiveness is not firmly founded in the record, we must presume that trial counsel rendered reasonable professional assistance. *See Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. Consequently, we

5

hold that Lauderdale has not satisfied the first *Strickland* prong, and we overrule his sole point.

## IV. CONCLUSION

Having overruled Lauderdale's sole point, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 9, 2010

6