COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

 

NO. 2-09-363-CR

 

 

EVERETT LEE
LAUDERDALE                                                            APPELLANT

 

V.

 

THE STATE OF TEXAS                                                                             STATE

 

------------

 

FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

          Appellant Everett
Lee Lauderdale appeals his eight-year sentence for possession with intent to
deliver a controlled substance, namely cocaine, of four grams or more, but less
than 200 grams.  In a single point,
Lauderdale claims that he received ineffective assistance of counsel.  We will affirm.

II.  Factual
& Procedural Background

          Lauderdale entered an open plea of guilty, and the
trial court ordered that a presentence investigation report (PSI) be prepared and
set a hearing on punishment.  At the punishment
hearing, the defense called Lauderdale’s father-in-law and wife to testify.  Both testified that although Lauderdale had
problems with drugs in the past, he was trying to clean up and deserved a
second chance.  Lauderdale’s wife
testified on cross-examination that Lauderdale had been arrested in Arkansas
once before for a drug-related offense but that he had never gone to prison.[2]
 

The defense recommended community supervision.  The trial court sentenced Lauderdale to eight
years’ confinement.    

          Notice
of appeal was timely filed.  Counsel for
Lauderdale filed a motion for new trial, arguing that the verdict was contrary
to the law and the evidence.  

III.  Effective
Assistance of Counsel

          In his
sole point, Lauderdale claims that he did not receive effective assistance of
counsel as guaranteed by the Sixth Amendment because his trial counsel failed
to discover, investigate, and prepare against the unadjudicated offense that
the State cross-examined his wife about during the punishment hearing.  Specifically, he contends that trial counsel
failed to request, under article 37.07, section (3)(g) of the Texas Code of
Criminal Procedure, that the State provide notice of intent to offer evidence of
extraneous crimes or bad acts.  

A.  Standard
of Review

We apply a two‑pronged test to ineffective assistance of
counsel claims. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005); Mallett v. State, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  To
establish ineffective assistance of counsel, an appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064; Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 62–63; Thompson, 9 S.W.3d at 812; Hernandez v. State, 988
S.W.2d 770, 770 (Tex. Crim. App. 1999).  There is no
requirement that an appellate court approach the two-pronged inquiry of Strickland
in any particular order or even address both components of the inquiry if the
defendant makes an insufficient showing on one component.  Strickland, 466 U.S. at 697, 104 S.
Ct. at 2069.

        In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel’s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688–89,
104 S. Ct. at 2065.  Review of counsel’s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.  Salinas, 163
S.W.3d at 740; Mallett, 65 S.W.3d at 63. 
A reviewing court will rarely be in a position on direct appeal to
fairly evaluate the merits of an ineffective assistance claim.  Thompson, 9 S.W.3d at 813–14.  “In the majority of cases, the record on
direct appeal is undeveloped and cannot adequately reflect the motives behind
trial counsel’s actions.”  Salinas,
163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63).  To overcome the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Id.
(quoting Thompson, 9 S.W.3d at 813). 
It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v. State, 226 S.W.3d 425, 432
(Tex. Crim. App. 2007).

B. 
Record is Insufficient to Establish Ineffectiveness

          Here, although
the record does not include a request by Lauderdale’s counsel for the State to
provide notice of its intent to offer evidence of extraneous crimes or bad
acts, the PSI refers to the unadjudicated offense that the State questioned
Lauderdale’s wife about during cross-examination.  It is evident from the record that defense
counsel received the PSI prior to the sentencing hearing and knew its contents.
 During closing arguments at the
punishment hearing, defense counsel stated, “Mr. Lauderdale knows that he’s
made some mistakes. . . .  He started
using drugs in Arkansas, got involved with gangs.  It’s all in the [PSI].”   

Moreover, the record is silent as to trial counsel’s
trial strategy in calling Lauderdale’s wife to testify and as to his strategy
and methods of discovering, investigating, and preparing for the punishment
hearing.  Lauderdale did not complain of
ineffective assistance of counsel in his motion for new trial, nor does there
appear to have been a hearing on his motion for new trial.   

Generally, a silent record that provides no explanation for counsel=s actions will not overcome the strong presumption of reasonable
assistance.  See Rylander v. State,
101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Edwards v. State, 280 S.W.3d
441, 445 (Tex. App.––Fort Worth 2009, pet. ref=d).  Because the record is silent
as to defense counsel’s strategy and methods used in discovering and preparing
for the complained-of unadjudicated offense and because the claim of
ineffectiveness is not firmly founded in the record, we must presume that trial
counsel rendered reasonable professional assistance.  See Salinas, 163 S.W.3d at 740; Thompson,
9 S.W.3d at 813–14.  Consequently, we
hold that Lauderdale has not satisfied the first Strickland
prong, and we overrule his sole point.

IV.  Conclusion

Having
overruled Lauderdale’s sole point, we affirm the trial court’s judgment.

 

                                                                   SUE
WALKER

                                                                   JUSTICE

 

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 9, 2010

 











[1]See Tex. R. App. P. 47.4.





[2] The PSI also included this prior unadjudicated offense.  The trial court did not review the PSI but
placed the original under seal in the clerk’s file at the close of the punishment
hearing.