

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00514-CR

MILTON EDWARD POLLOCK A/K/A                    APPELLANT
MILTON POLLOCK

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury convicted Appellant Milton Edward Pollock a/k/a Milton Pollock of two counts of sexual assault of a child and one count of indecency with a child and assessed his sentence at seven years' confinement for each sexual assault conviction and five years' confinement for the indecency conviction. The trial

---

[1]*See* Tex. R. App. P. 47.4.

court sentenced him accordingly, ordering that the five-year sentence for indecency run consecutively to the seven-year sentence for the first assault conviction. In a single point, Pollock claims that he received ineffective assistance of counsel. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Pollock moved from Boston, Massachusetts to Arlington, Texas with his wife Wendy, their three children, and K.D., Wendy's child from a previous relationship. K.D. was fifteen at the time. K.D. moved out of Pollock and her mother's house when she was eighteen years old, and two or three years later, she made an outcry that Pollock had sexually assaulted her beginning some time before she was twelve years old and ending when she was sixteen years old.

At Pollock's trial, K.D. testified that Pollock had tried to penetrate her "vagina" with his penis on multiple occasions when she was fifteen and sixteen years old, that he had her perform oral sex on him, and that he had fondled her breasts and sexual organ. The defense called two witnesses to testify—Pollock and his wife Wendy. Pollock testified that he had occasionally rubbed K.D.'s back but that he had never touched her inappropriately. Wendy testified that K.D. had never indicated to her that anything inappropriate was going on between K.D. and Pollock.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

In his sole point, Pollock claims that he did not receive effective assistance of counsel as guaranteed by the Sixth Amendment because his trial counsel

2

failed to call certain witnesses during both the guilt-innocence and punishment stages of trial.

## A. Standard of Review

We apply a two-pronged test to ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Salinas*, 163 S.W.3d at 740; *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). There is no requirement that we approach the two-pronged inquiry of *Strickland* in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.

3

Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

## B. Record is Insufficient to Establish Ineffectiveness

Here, Pollock complains that defense counsel was ineffective for not calling his daughter T.P. to testify during the guilt-innocence phase of his trial; he argues that T.P. "would have testified to the fact that her half-sister [K.D.] made up the entire story in order[] to justify [T.P.]'s own false claims of sexual assault against [Pollock]." Pollock further complains that during the punishment phase of trial, defense counsel was ineffective for calling only one of Pollock's friends and

4

the court's probation officer to testify although Pollock's "other friends and family were waiting in the hallway outside the courtroom for their opportunity to testify."

Although Pollock filed a motion for new trial, he did not complain of ineffective assistance in his motion, and no hearing was held on the motion. Thus, the record is silent as to trial counsel's trial strategy for not calling these witnesses to testify. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Edwards v. State*, 280 S.W.3d 441, 445 (Tex. App.—Fort Worth 2009, pet. ref'd). Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (explaining that absent such an opportunity, an appellate court should not find deficient performance unless the conduct was "'so outrageous that no competent attorney would have engaged in it'") (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003)).

Based on the record before us, in light of the strong presumption of reasonable professional assistance by defense counsel, and in the absence of any opportunity for defense counsel to explain his strategy for not calling the complained-of witnesses, we cannot say that Pollock has met his burden of showing by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms. *See Thompson*, 9

S.W.3d at 813; *Edwards*, 280 S.W.3d at 445.  Because Pollock has not satisfied the first *Strickland* prong, we overrule his sole issue.

## IV. CONCLUSION

Having overruled Pollock's sole issue, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 15, 2011