02-10-514-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00514-CR

 

 


 
 
 Milton Edward Pollock a/k/a Milton Pollock
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

A
jury convicted Appellant Milton Edward Pollock a/k/a Milton Pollock of two
counts of sexual assault of a child and one count of indecency with a child and
assessed his sentence at seven years’ confinement for each sexual assault
conviction and five years’ confinement for the indecency conviction.  The trial
court sentenced him accordingly, ordering that the five-year sentence for
indecency run consecutively to the seven-year sentence for the first assault
conviction.  In a single point, Pollock claims that he received ineffective
assistance of counsel.  We will affirm.

II.  Factual and Procedural Background

          In
2002, Pollock moved from Boston, Massachusetts to Arlington, Texas with his
wife Wendy, their three children, and K.D., Wendy’s child from a previous
relationship.  K.D. was fifteen at the time.  K.D. moved out of Pollock and her
mother’s house when she was eighteen years old, and two or three years later,
she made an outcry that Pollock had sexually assaulted her beginning some time
before she was twelve years old and ending when she was sixteen years old.   

At
Pollock’s trial, K.D. testified that Pollock had tried to penetrate her “vagina”
with his penis on multiple occasions when she was fifteen and sixteen years
old, that he had her perform oral sex on him, and that he had fondled her
breasts and sexual organ.  The defense called two witnesses to testify—Pollock
and his wife Wendy.  Pollock testified that he had occasionally rubbed K.D.’s
back but that he had never touched her inappropriately.  Wendy testified that
K.D. had never indicated to her that anything inappropriate was going on
between K.D. and Pollock.  

III.  Effective Assistance
of Counsel

In
his sole point, Pollock claims that he did not receive effective assistance of
counsel as guaranteed by the Sixth Amendment because his trial counsel failed to
call certain witnesses during both the guilt-innocence and punishment stages of
trial.

A.
Standard of Review

We
apply a two‑pronged test to ineffective assistance of counsel claims.  See
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  To
establish ineffective assistance of counsel, an appellant must show by a preponderance
of the evidence that his counsel’s representation fell below the standard of
prevailing professional norms and that there is a reasonable probability that,
but for counsel’s deficiency, the result of the trial would have been
different.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Salinas,
163 S.W.3d at 740; Mallett v. State, 65 S.W.3d 59, 62–63 (Tex. Crim.
App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  There
is no requirement that we approach the two-pronged inquiry of Strickland
in any particular order, or even address both components of the inquiry if the
defendant makes an insufficient showing on one component.  Strickland,
466 U.S. at 697, 104 S. Ct. at 2069.

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under
all the circumstances and prevailing professional norms at the time of the
alleged error.  See Strickland, 466 U.S. at 688–89, 104 S. Ct. at 2065. 
Review of counsel’s representation is highly deferential, and the reviewing
court indulges a strong presumption that counsel’s conduct fell within a wide
range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct
appeal to fairly evaluate the merits of an ineffective assistance claim.  Salinas,
163 S.W.3d at 740; Thompson, 9 S.W.3d at 813–14.  “In the majority of
cases, the record on direct appeal is undeveloped and cannot adequately reflect
the motives behind trial counsel’s actions.”  Salinas, 163 S.W.3d at 740
(quoting Mallett, 65 S.W.3d at 63).  To overcome the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.”  Id. (quoting Thompson, 9 S.W.3d at
813).  It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

B. 
Record
is Insufficient to Establish Ineffectiveness

Here,
Pollock complains that defense counsel was ineffective for not calling his
daughter T.P. to testify during the guilt-innocence phase of his trial; he argues
that T.P. “would have testified to the fact that her half-sister [K.D.] made up
the entire story in order[] to justify [T.P.]’s own false claims of sexual
assault against [Pollock].”  Pollock further complains that during the
punishment phase of trial, defense counsel was ineffective for calling only one
of Pollock’s friends and the court’s probation officer to testify although Pollock’s
“other friends and family were waiting in the hallway outside the courtroom for
their opportunity to testify.”

Although
Pollock filed a motion for new trial, he did not complain of ineffective
assistance in his motion, and no hearing was held on the motion.  Thus, the
record is silent as to trial counsel’s trial strategy for not calling these
witnesses to testify.  Generally, a silent record that provides no
explanation for counsel=s actions will not overcome
the strong presumption of reasonable assistance.  See Rylander v. State,
101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Edwards v. State, 280 S.W.3d
441, 445 (Tex. App.––Fort Worth 2009, pet. ref=d). 
Trial counsel should ordinarily be afforded an opportunity to explain his
actions before being denounced as ineffective.  Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (explaining that absent such an
opportunity, an appellate court should not find deficient performance unless
the conduct was “‘so outrageous that no competent attorney would have engaged
in it’”) (quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001),
cert. denied, 537 U.S. 1195 (2003)).

Based
on the record before us, in light of the strong presumption of reasonable
professional assistance by defense counsel, and in the absence of any
opportunity for defense counsel to explain his strategy for not calling the
complained-of witnesses, we cannot say that Pollock has met his burden of
showing by a preponderance of the evidence that his counsel’s representation
fell below the standard of prevailing professional norms.  See Thompson,
9 S.W.3d at 813; Edwards, 280 S.W.3d at 445.  Because Pollock has not
satisfied the first Strickland prong, we overrule his sole issue.

IV.  Conclusion

Having
overruled Pollock’s sole issue, we affirm the trial court’s judgment.

 

 

 

SUE WALKER
JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 15,
2011









[1]See Tex. R. App. P. 47.4.